IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>v. )<br>)<br>VINCENT DELL'AVERSANO )<br>)<br>Defendant. )<br>) | Civil Action No. 17-cv-1342 JEJ |

## UNITED STATES' MOTION TO DISMISS COUNTERCLAIM

Plaintiff United States of America moves for dismissal of the counterclaim asserted by Defendant in this matter. Subject matter jurisdiction for the counterclaim is lacking because there has been no waiver of sovereign immunity for the claims alleged, and Defendant has not pleaded such a waiver. In addition, the counterclaim fails to state a claim upon which the requested relief can be granted. Therefore it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). A draft Order accompanies this Motion.

## I. BACKGROUND

EPA has been monitoring hazardous waste contamination and overseeing cleanup actions at the Delaware Sand and Gravel Superfund Site (the "Site") in New Castle, Delaware for many decades, having issued its first Record of Decision ("ROD") in 1988. Complaint (Dkt #1) ¶ 13. Defendant owns property on a portion of the Site. *Id.* ¶ 5. EPA issued a Unilateral Administrative Order for Remedial Action ("UAO") to Defendant in 2004 under Section 106(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9606(a). *Id.* ¶ 20. As with an administrative order issued in 1999, this UAO

required Defendant to implement certain ROD requirements on his property. *Id*. In particular, the UAO required Defendant to record a Notice of Institutional Controls with the New Castle County Recorder of Deeds, submit semi-annual operations and maintenance reports, and refrain from using his property in a manner that would compromise the specially constructed Surface Barrier Cap. *Id.* Given Defendant's persistent refusal to comply with all terms of the UAO, EPA made numerous efforts in recent years to facilitate Defendant's compliance, but to no avail. *Id.* ¶¶ 27-45. The United States therefore filed its Complaint seeking the Court's enforcement of the UAO on September 22, 2017.

On October 23, 2017, Defendant, acting *pro se*, responded to the Complaint with a document styled as an Answer, Affirmative Defenses and Counterclaim ("Counterclaim") (Dkt #4). The Counterclaim alleged various apparently unrelated deficiencies on the part of the United States. Specifically, Defendant claimed that the United States had allegedly caused:

- "...tax parcel records and corresponding street mailing addresses to be erroneously modified as to cause errors and deficiencies in proper tax parcel identification, as well as incorrect metes and bounds descriptions and acreage assessments, of the Site". Ans. ¶ 4.

- "... certain permits, specifically Permit to Construct Monitor, Observation, Recovery Well(s) or Soil Boring(s) permits, for the benefit of itself and the State of Delaware and New Castle County, to be issued under Defendant/Counterclaim Plaintiff's name without his prior knowledge, permission or authority." *Id.* ¶ 11.

- "... a Surface Barrier Cap to be constructed outside of, and in stark contrast to, proposed and agreed upon design specifications .... [which] caused such remediation action to be less than effective; thus, hindering Defendant/Counterclaim Plaintiff's intended and agreed upon use." *Id.* ¶¶ 13-14.

- the refusal to provide "a copy of the Proposed Design Plan, the As-Built Design Plan, and other necessary and important documents" related to the Surface Barrier Cap on Defendant's property. *Id.* ¶ 16.

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) therefore challenges the power of a federal court to hear a claim or case. *See Petruska v. Gannon Univ.,* 462 F.3d 294, 302 (3d Cir. 2006). In the face of a Rule 12(b)(1) motion, the party asserting the claim has the burden to "convince the court it has jurisdiction." *Gould Elecs., Inc. v. United States,* 220 F.3d 169, 178 (3d Cir.2000); *see also Kehr Packages v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir.1991) (stating that "[w]hen subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion").

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir.2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atl. Corp. v. Twombly,* "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly,* 550 U.S. at 556). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.; accord Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir.2009) ("[A]ll civil complaints must contain more than an

unadorned, the-defendant-unlawfully-harmed-me accusation") (internal quotation marks omitted).

As Defendant is appearing before the court *pro se*, the Counterclaim's allegations are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III.  ARGUMENT

#### A.  The Counterclaim Should be Dismissed for Lack of Subject Matter Jurisdiction

As a sovereign, the United States is "immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  Unless Congress has consented to a cause of action against the United States, there is no jurisdiction in any court to entertain such suits.  *United States v. Sherwood*, 312 U.S. at 587-88; *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 373 (5th Cir. 1987).  The United States does not waive sovereign immunity for any counterclaims merely by filing suit.  *United States v. Shaw*, 309 U.S. 495 (1940).  Furthermore, waivers of sovereign immunity must be "unequivocally expressed" in the text of the statute and cannot be implied.  *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992).

Defendant's Counterclaim fails to assert that the United States has waived its sovereign immunity under CERCLA.  Even had it made such an assertion, however, Defendant could not sustain its burden to demonstrate the Court's subject matter jurisdiction.  CERCLA's section 310 citizen suit provision has been construed to contain a limited waiver of federal sovereign immunity for claims asserted under it.  *See, e.g., United States v. Sensient Colors, Inc.,* 649

F.Supp.2d 309, 331 (D.N.J. 2009). However, in order to fall within this limited waiver of sovereign immunity, a claim must allege (1) the existence of a nondiscretionary duty (2) enacted pursuant to CERCLA, and (3) that EPA has failed to comply with this duty. *See* 42 U.S.C. § 9659(a)(2); *Fairview Township v. EPA,* 773 F.2d 517, 525 (3d Cir.1985) ("District court jurisdiction over citizens' suits depends on the existence of a duty alleged to be nondiscretionary with the Administrator; if no nondiscretionary duty exists, then neither can a citizens' suit").

Defendant's Counterclaim does not assert that EPA failed to perform a nondiscretionary duty. Instead, Defendant's Counterclaim complains of conduct – such as constructing the Surface Barrier Cap "outside of, and in stark contrast to, proposed and agreed upon design specifications" – related to EPA's performance of the response action at the Site. CERCLA expressly characterizes the manner in which EPA carries out a response action as discretionary. *See* 42 U.S.C. § 9604(a)(4) ("the President may respond to any release or threat of release if *in the President's discretion*, it constitutes a public health or environmental emergency"). The limited waiver of sovereign immunity of CERCLA section 310 therefore does not apply.[1]

Courts have also found a waiver of the federal government's sovereign immunity in CERCLA section 120(a)(1), but it is likewise limited in scope. *See, e.g., In re Paoli R.R. Yard PCB Litig.*, 790 F. Supp. 94, 96 (E.D. Pa. 1992), *aff'd without opinion*, 980 F.2d 724 (3d Cir. 1992) ("the waiver of sovereign immunity under section 120(a) of CERCLA is limited only to circumstances under which a private party could also be held liable").[2] This waiver turns on

---

[1] Moreover, even if EPA's conduct were somehow nondiscretionary, having failed to provide the 60-day notice of his action required by the statute, Defendant could not now invoke the waiver of sovereign immunity in the CERCLA citizen suit provision. *See* 42 U.S.C. § 9659(e).
[2] Section 120(a)(1) states in relevant part that the federal government "shall be subject to, and comply with, this chapter in the same manner and to the same extent, both procedurally and

5

CERCLA section 107(a)(1)-(4), which establishes liability under CERCLA for four categories of persons: owners, operators, arrangers and transporters. 42 U.S.C. § 9607(a). The United States may thus be liable if it, like a private party, falls within one of these four categories at a Superfund site. But Defendant's Counterclaim does not asset that the United States has liability as an owner, operator, arranger or transporter at the Site under CERCLA section 107(a), and the principle that the United States has not waived sovereign immunity for liability associated with such CERCLA regulatory and cleanup activities is well-established. *See e.g., United States v. Am. Color & Chem. Corp.*, 858 F. Supp. 445, 449-50 (M.D. Pa. 1994); *In re Paoli R.R. Yard PCB Litig.*, 790 F. Supp. at 97; *United States v. Azrael*, 765 F. Supp. 1239, 1244 (D. Md. 1991).

As the United States has not waived sovereign immunity with respect to Defendant's Counterclaim under any CERCLA provision, it should therefore be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

**B.** **The Counterclaim Fails to State a Claim Upon Which Relief May be Granted**

Even construing Defendant's claims liberally, as befits review of a *pro se* filing, the Counterclaim fails to demonstrate any entitlement to the relief that Defendant seeks. *Phillips*, 515 F.3d at 234-35 ("there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation"). The specific relief sought by Defendant is limited to two types, requesting that the United States be ordered to:

- "hire, at its own expense, a professional land surveyor . . . for the completion of individual complete and correct metes and bounds land description of each separate area of the entire Site," and "cause the correction of all erroneous tax parcel identifications and street/mailing address" relating to his property; and

---

substantively, as any nongovernmental entity, including liability under [section 107]." 42 U.S.C. § 9620(a)(1).

- provide Defendant with "design specifications and plans," an "As-Built Plan of the Surface Barrier Cap," and "documentation as to how weight loads, psi calculations and other engineering and non-engineering information relating to the Surface Barrier Cap. . . were derived." Ans. at 14.

Defendant's Counterclaim fails to assert any statutory basis or legal theory to support the contention that the United States can be ordered to provide the relief above. First, he sets forth no basis for the authority of the Court to order the United States to hire a professional to survey his land, or to correct tax parcel identifications and street/mailing addresses. The United States is aware of no statutory authority permitting EPA to enter a county Recorder of Deeds office and modify how tax parcels are identified in land records. Presumably, such legal authority resides with property owners like Defendant or the county Recorder of Deeds. Second, Defendant invokes no statutory right to be provided design specifications and plans and other information relating to the Surface Barrier Cap from EPA. The only conceivable statute Defendant could invoke is the Freedom of Information Act, but this statute requires that the request for information be directed to the agency, 5 U.S.C. § 552(a)(3), not in the first instance via a pleading to a federal district court. The Counterclaim therefore fails to state a claim and should be dismissed pursuant to Rule 12(b)(6).[3]

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the United States' Motion to Dismiss Defendant's Counterclaim for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

---

[3] EPA sent Defendant copies of design plans for the Surface Barrier Cap via First Class Mail on December 21, 2017. Although the Delaware Sand and Gravel Remedial Trust (which constructed the Cap) informed EPA that as-built drawings were not prepared, a document called "As-Built Topography of Inert Area" is being provided to Defendant with service of this Motion.

        Respectfully Submitted,

        JEFFREY H. WOOD
        Acting Assistant Attorney General
        Environment and Natural Resources Division

        /s/John W. Sither
        JOHN W. SITHER (DC Bar #431542)
        Senior Attorney
        Environmental Enforcement Section
        Environment and Natural Resources Division
        United States Department of Justice
        P.O. Box 7611
        Ben Franklin Station
        Washington, DC 20044-7611
        Phone: (202) 514-5484
        Email: John.Sither@usdoj.gov


        DAVID WEISS
        Acting United States Attorney
        District of Delaware

        JENNIFER HALL (#5122)
        Assistant United States Attorney
        District of Delaware
        1007 N. Orange Street
        P.O. Box 2046
        Wilmington, DE 19899
        Phone: (302) 573-6277
        Email: Jennifer.Hall.@usdoj.gov


Of Counsel:
MICHAEL A. HENDERSHOT
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 3
Philadelphia, PA 19103

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>v. )<br>)<br>VINCENT DELL'AVERSANO )<br>)<br>Defendant. )<br>) | Civil Action No. 17-cv-1342 JEJ |

## **ORDER**

AND NOW, having considered the United States' Motion to Dismiss Defendant's Counterclaim, IT IS HEREBY ORDERED, this _____ day of _____, 2018, that the Motion is GRANTED and Defendant's Counterclaim is dismissed with prejudice.

                                             _____
                                             HONORABLE JOHN E. JONES III
                                             UNITED STATES DISTRICT JUDGE

**Certificate of Service**

     I certify that on December 22, 2017, I served a copy of this UNITED STATES' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM via First Class Mail on the *pro se* Defendant:

          Vincent Dell'Aversano
          770 Grantham Lane
          New Castle, Delaware 19720

          /s/ John W. Sither
          John W. Sither