IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>v. )<br>)<br>VINCENT DELLAVERSANO )<br>)<br>Defendant. )<br>) | Civil Action No. 17-cv-1342 JEJ |

## JOINT STATUS REPORT

The Plaintiff, by and through its undersigned counsel, and the Defendant, acting *pro se*, jointly submit this Joint Status Report ("Report"). Although the parties were unable to meet and confer due to Defendant's physical constraints described at Note 1 below, they completed this Report through an exchange of drafts via electronic mail. John Sither, Senior Attorney, U.S. Department of Justice, acted on behalf of Plaintiff. Vincent DellAversano represented himself as the Defendant, using an intermediary to send and receive emails.

1. **Jurisdiction and Service:**

**Plaintiff** contends that all parties are subject to the court's jurisdiction as to the claims in the Complaint and no parties remain to be served. Plaintiff further contends that the Court does not have subject matter jurisdiction over Defendant's Counterclaim, and filed a Motion to Dismiss Defendant's Counterclaim on December 22, 2017.

**Defendant** contends that the Court does have subject matter jurisdiction over the matter, including those contained in Defendant's Counterclaim. Defendant timely filed its Answer to

Plaintiff's Motion to Dismiss on January 25, 2018 (pursuant to an Order extending time for filing said Answer).

2. **Substance of the Action:**

The factual and legal bases for **Plaintiff's** claims are as follows:

Sections 106(a) and 106(b)(1) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606(a) and 9606(b)(1), authorize EPA to issue such orders as may be necessary to protect public health and the environment, and to seek court enforcement of such orders imposition of civil penalties for their violation.

EPA issued to Defendant a Unilateral Administrative Order on September 27, 2004 ("2004 Order") which required Defendant to take certain actions required by the Record of Decision for the Delaware Sand and Gravel Superfund Site (the "Site").

Despite providing notice of his intent to comply with the 2004 Order on February 8, 2005, Defendant has failed to comply with various terms of the order. For example, to date Defendant has never:

    i) submitted a Semi-Annual Operation and Maintenance Report

    or

    ii) recorded a Notice of Institutional Controls, Access and Notice of Obligations Regarding Successors-in-Interest with the Recorder of Deeds for New Castle County.

Moreover, as has been found on numerous past occasions, and most recently in a December 14, 2016 inspection, as documented by the EPA Site Remedial Project Manager, Defendant has violated the 2004 Order by:

iii) failing to refrain from using his Site property in a manner that could compromise or adversely affect the effectiveness of the specially constructed Surface Barrier Cap.

The factual and legal bases for **Defendant's** Answer, Defenses and Counterclaim are as follows:

Plaintiff's demand to have Defendant record Institutional Controls cannot be accomplished based upon (1) the legal description of the property is inaccurate and includes property, namely Defendant's residence, not part of the CERCLA remediation, (2) the document does not conform to the requirements of New Castle County Record of Deeds; thus, being incapable of being accepted by the Recorder's office for the recordation process, and (3) Defendant does not have control over certain areas of the Site, as such are under the purview of EPA, PRPs, Delaware Sand & Gravel Trust, DNREC and New Castle County.

A Memorandum issued by EPA dated September 13, 2011 regarding Institutional Controls states:

> *Accuracy of Property Information and Mapping* - all physical area that do not support UU/UE should be identified and the administrative record should have information showing that ICs cover those area through comparison with, for example, legal descriptions and scope of ordinances (e.g., ground water ordinances covers the entire current plum area).

Plaintiff's past and present failure to acknowledge and understand that the Site lacks proper legal descriptions in which to record Institutional Controls is due to no fault of Defendant.

Defendant has not and is not utilizing the area of the Site provided to him for reuse in a manner detrimental to the Surface Barrier Cap/Inert Area. Plaintiff's assertions that Defendant's activities or lack of action are based on hypotheticals. Plaintiff lacks a standard or

means by which to assess the actual condition of the Surface Barrier Cap, and is only formulating an opinion by viewing the top-most stone/soil layer of the Cap while calculating mathematical formulas for psi based on construction proposals and recommendations. Defendant disputes the calculations in light of the fact that such are not formulated upon an "As-Built" design plan. Defendant has requested a copy of the "As-Built" design plan for purposes of completing appropriate psi calculations; Plaintiff has failed and refused to provide same.

Plaintiff completed its own Surface Barrier Area Semi-Annual Operation and Maintenance Report dated March 23, 2017. Defendant contends that information contained in that report are incorrect (same piece of equipment having different weights and psi values).

3. **Identification of Issues:**

  a) Whether Defendant has failed to comply with all terms of the 2004 Order.

  b) Whether the Court lacks subject matter jurisdiction over Defendant's Counterclaim and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

  c) Whether Defendant's Counterclaim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

  d) Whether Plaintiff's enforcement of the terms of the 2004 Order relating to recordation of Institutional Controls should include Plaintiff securing proper legal descriptions and tax parcel numbers so that such document meets the recording standards of New Castle County Recorder of Deeds.

  e) Whether the Institutional Controls will be drafted in a manner that address the areas of the Site which Defendant actually has control over.

    f)  Whether Plaintiff will provide Defendant with an As-Built design plan and psi calculations based on the As-Built/current conditions for completion of Semi-Annual Operating Report.

4. **Narrowing of Issues:**

**Plaintiff** contends that the subject matter jurisdiction and failure to state a claim issues may be decided by its Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**Plaintiff** contends that the issue of whether Defendant has failed to comply with the 2004 Order may be decided by dispositive motion.

**Defendant** contends the issue of Institutional Controls could be resolved by agreement if Plaintiff would comply with its own standards for *Accuracy of Property Information and Mapping*. **Plaintiff** believes that if certain facts and issues are further clarified through mediation, it may be possible to resolve them by agreement.

**Defendant** contends that the matter should proceed to jury trial if agreement of the parties on any issue cannot be reached.

5. **Relief:**

**Plaintiff** seeks an Order requiring Defendant to comply with the 2004 Order, as well as an appropriate civil penalty under 42 U.S.C. 9606(b)(1) to deter future violations of the 2004 Order.

**Defendant** seeks an Order (1) requiring Plaintiff to comply with EPA standard of *Accuracy of Property Information and Mapping* by having metes and bounds, legal descriptions completed for the individual areas of the Site, (2) requiring Plaintiff to work with the appropriate government agencies to have tax parcel numbers coordinate with the metes and bounds legal descriptions, (3) redraft any Institutional Controls to exclude Defendant's residents and other

Site areas not under Defendant's control, (4) requiring Plaintiff to provide to Defendant an As-Built design plan for the Surface Barrier Cap Area, (5) require Plaintiff to provide to Defendant with documentation as to how object weight and psi calculations were derived.

6. **Amendment of Pleadings:**

The parties have agreed that March 15, 2018 shall be the deadline for amending pleadings.

7. **Joinder of Parties:**

The parties have agreed that March 15, 2018 shall be the deadline for joining additional parties.

8. **Discovery:**

The parties have agreed to a deadline of August 1, 2018 to complete discovery. The parties disagree as to the amount of discovery, each proposing the following limits:

**Plaintiff's** proposal:

- a) A maximum of 1 Deposition to be taken by each party;
- b) A maximum of 5 Interrogatories to be served by each party;
- c) A maximum of 10 Requests for Admission to be served each party; and
- d) A maximum of 10 Requests for Documents to be served each party.

**Defendant's** proposal:

- a) A maximum of 5 Depositions to be taken by each party;
- b) A maximum of 50 Interrogatories to be served by each party;
- c) A maximum of 10 Requests for Admission to be served by each party; and
- d) A maximum of 20 Requests for Documents to be served by each party.

At this time, the parties are unable to anticipate whether they will need a protective order or will have any discovery disputes.

9. **Estimated trial length:**

**Plaintiff** believes that trial would take no more than one day. **Defendant** believes that trial would take no more than two days.

10. **Jury trial:**

**Defendant** demands a jury trial. **Plaintiff** contends that although Defendant has a right to a jury trial as to liability, under applicable legal precedent the appropriate civil penalty and injunctive relief to be imposed if the defendant is found liable would be determined by the Court after a bench trial.

11. **Settlement:**

There have been no settlement discussions since this action was filed.

**Plaintiff** believes that referral to a Magistrate Judge for mediation is appropriate due to the possibility of resolving the limited number of issues raised by the case. **Defendant** does not agree and reiterates his demand for a jury trial.

**Plaintiff** suggests a Delaware District Court Magistrate Judge in Wilmington would be preferable in order to save on the time and expense of travel to Harrisburg. For the record, Chief Magistrate Judge Thynge has mediated other disputes related to the Delaware Sand and Gravel Site as recently as July 2017. **Defendant** requests a Judge (or Magistrate, should his request for a jury trial be denied and the matter ordered into mediation), that will hear the case in a clear light, and without prior knowledge of the matter or parties for a non-prejudicial disposition.

12. **Other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action.** None.

13. The parties have conferred about each of the above matters.

NOTE 1: Defendant is 78 years old with a severe hearing problem making telephonic communications extremely difficult. Further, Defendant does not own a computer or have an electronic mail address. All meetings must be in person and all communications by regular mail.

Respectfully Submitted,

FOR PLAINTIFF:

/s/John W. Sither
JOHN W. SITHER (DC Bar #431542)
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611   Ben Franklin Station
Washington, DC 20044-7611
Phone: (202) 514-5484
Email: John.Sither@usdoj.gov

JENNIFER HALL (#5122)
Assistant United States Attorney
District of Delaware
1007 N. Orange Street
P.O. Box 2046
Wilmington, DE 19899
Phone: (302) 573-6277
Email: Jennifer.Hall.@usdoj.gov


FOR DEFENDANT:

Vincent DellAversano, *Pro Se*
770 Grantham Lane
New Castle, DE 19720
(302) 218-7765


Dated:  February 5, 2018

8