IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | 17-cv-1342 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| VINCENT DELLAVERSANO, | : | |
| Defendant. | : | |

**ORDER**

**February 13, 2018**

Presently pending before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaim. (Doc. 10). Plaintiff bases its Motion on both lack of subject matter jurisdiction[1] and failure to state a claim upon which relief can be granted.[2] Because we find that we plainly lack subject matter jurisdiction, we do not believe a full memorandum is necessary. For the reasons that follow, we shall grant Plaintiff's Motion.

This case stems from a Unilateral Administrative Order for Remedial Action ("UAO") issued by the Environmental Protection Agency ("EPA") to the Defendant in 2004 pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). The UAO required the Defendant to take certain remedial action and file certain documents with the EPA, which

---

[1] Fed. R. Civ. P. 12(b)(1)
[2] Fed. R. Civ. P. 12(b)(6)

1

Plaintiff claims that Defendant repeatedly failed to do. After providing Defendant ample opportunities to comply with the UAO's requirements, Plaintiff filed the instant Complaint to enforce the UAO on September 22, 2017. (Doc. 1). Defendant, representing himself, filed an Answer, Affirmative Defenses, and a Counterclaim. (Doc. 4). Some of the allegations in Defendant's counterclaim are more properly understood as defenses that justify his noncompliance with the UAO. The other allegations in the counterclaim identify what Defendant perceives as deficiencies in how Plaintiff carried out its remediation response. (*Id.*).

Plaintiff claims that Defendant's counterclaim is barred by sovereign immunity and, thus, the Court lacks subject matter jurisdiction. "As a sovereign, the United States is immune from suit unless it consents to be sued." *White-Squire v. U.S. Postal Service*, 592 F.3d 453, 456 (3d Cir. 2010) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). Defendant does not allege that Plaintiff waived its sovereign immunity; however, CERCLA empowers private civil actions against the United States in two circumstances: civil suits may be brought

> (1) against any person (including the United States and any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of any standard, regulation, condition, requirement, or order which has become effective pursuant to this chapter… or

> (2) against the President or any other officer of the United States (including the Administrator of the Environmental Protection Agency and the Administrator of the ATSDR [Agency for Toxic Substances and Disease Registry]) where there is alleged a failure of the President

>or of such other officer to perform any act or duty under this chapter … which is **not discretionary** with the President or such other officer.

42 U.S.C. § 9659(a)(1)-(2) (emphasis added); *see also United States v. Sensient Colors, Inc.*, 649 F.Supp.2d 309, 331 (D.N.J. 2009) (stating three elements to a claim: "(1) the existence of a nondiscretionary duty, (2) enacted pursuant to CERCLA and (3) that the Administrator failed to comply with the duty"). In his brief, Defendant asserts that the Court has jurisdiction because the EPA's power to take remedial action pursuant to 42 U.S.C. § 9604(a)(4) is a "nondiscretionary duty." This argument, however, contradicts the plain language of the statute, which states that "the President *may* respond to any release or threat of release *if in the President's discretion*, it constitutes a public health or environmental emergency. . . . ." 42 U.S.C. § 9604(a)(4) (emphasis added). Thus, the statute clearly contemplates remedial action as discretionary. "District court jurisdiction over citizens' suits depends on the existence of a duty alleged to be nondiscretionary with the Administrator; if no nondiscretionary duty exists, then neither can a citizens' suit." *Fairview Tp., York Cnty., Com. of Pa. v. U.S. E.P.A.*, 773 F.2d 517, 525 (3d Cir. 1985).

In light of the plain language of the statute, and seeing no other basis for finding that Plaintiff waived its sovereign immunity, we cannot exercise subject matter jurisdiction over Defendant's counterclaim. Having found that we lack

subject matter jurisdiction, we will not consider Plaintiff's argument based on failure to state a claim upon which relief can be granted.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss, (Doc. 10), is **GRANTED**.

    s/ John E. Jones III
John E. Jones III
United States District Judge