

**U.S. Department of Justice**

Environment and Natural Resources Division
Environmental Enforcement Section

90-11-3-11545
tam: jws

---

*John W. Sither, Senior Attorney*
*Environmental Enforcement Section*
*P.O. Box 7611*
*Ben Franklin Station*
*Washington, DC 20044-7611*

*Telephone (202) 514-5484*
*Email: john.sither@usdoj.gov*
*Overnight Mail:  ENRD Mailroom, Rm 2121*
*601 D Street, NW*
*Washington, DC 20004*

February 26, 2018

<u>**Via ECF Submission**</u>
Hon. John E. Jones III
United States District Judge
United States District Court
Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA 17101

> Re:  *United States v. Vincent DellAversano*, Case No. 1:17-cv-01342-JEJ
> Request for Mediation by a Magistrate Judge

Dear Judge Jones:

The purpose of this letter, written on behalf of Plaintiff United States of America in the above-named proceeding and submitted to you on the Docket pursuant to Paragraph 8 of your Standard Practice Order (Dkt. 6), is to request the exploration of mediation of this case before a Magistrate Judge.  We believe it possible that the case can be resolved in a mutually agreeable manner without the need for extensive litigation.  Our grounds for this request are as follows:

1.     This action arises from an administrative order issued by the Environmental Protection Agency to Defendant Vincent DellAversano pursuant to EPA's authorities under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). These authorities include the capacity to, upon a finding that an imminent and substantial endangerment exists at a Superfund Site, require parties to implement certain measures or refrain from certain actions in order to protect human health and the environment.  42 U.S.C. § 9606. EPA issued the order to Mr. DellAversano to require him to implement certain health-protective measures on property he owns within the confines of the Delaware Sand and Gravel Superfund Site ("Site") in New Castle, Delaware.

2.     Plaintiff contends that since the EPA order was issued in 2004, Mr. DellAversano has continually failed to 1) refrain from using his Site property in a manner that could potentially compromise the effectiveness of a surface barrier cap constructed over contamination under his property; 2) record a Notice of Institutional Controls to warn and protect future owners of the property; and 3) submit semi-annual Operation and Maintenance reports.

3.    Although EPA repeatedly met with Mr. DellAversano and attempted to facilitate his compliance with the order through the years, by 2017 it had become clear that he would not comply.  Therefore the United States instituted this lawsuit, in which Mr. DellAversano is acting *pro se*.  The Court issued a Scheduling Order on February 5, 2018 (Dkt. 20), and FRCP 26(a) Disclosures are due March 15.

4.    Plaintiff believes there is no question of Mr. DellAversano's liability for violating the order and that the Court will ultimately compel his compliance.  However, negotiated resolutions to disputes are always preferable.  Mr. DellAversano's answer and response to Plaintiff's Motion to Dismiss Counterclaim suggest that his concerns about the order are more process-oriented than substantive – for instance, he appears to be taking issue with the breadth of the required Notice of Instutional Controls.  While the purpose of the Notice is to protect future owners of his property, Plaintiff could explore in mediation whether any tailoring of the Notice is possible while still meeting that purpose.  Mr. DellAversano also seeks certain types of engineering drawings of the protective structures on his property.  If these exist, EPA would be willing to provide them.  But the agency has to understand better what he is seeking, and direct communications are made difficult by his hearing issues and lack of access to email.

5.    Mr. DellAversano has so far not agreed to voluntary alternative dispute resolution.  *See* Joint Status Report (Dkt. 18), at 8.  Counsel for Plaintiff sent a letter to Mr. DellAversano on February 13, 2018 via Overnight Mail communicating Plaintiff's intention to explore the possibility of mediation with the Court.  He has not responded.

6.    To alleviate any potential travel burden on Mr. DellAversano, who is elderly, it would be preferable for the mediation to occur where the case was filed at the U.S. District Court in Wilmington, which is not far from his residence in New Castle.

In short, Plaintiff respectfully requests that the Court order the parties to appear before a Magistrate Judge for non-binding alternative dispute resolution on a date set by the Court.

Respectfully Submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division

/s/John W. Sither
JOHN W. SITHER (DC Bar #431542)
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044-7611

Phone: (202) 514-5484
Email: John.Sither@usdoj.gov


DAVID WEISS
Acting United States Attorney
District of Delaware

JENNIFER HALL (#5122)
Assistant United States Attorney
District of Delaware
1007 N. Orange Street
P.O. Box 2046
Wilmington, DE 19899
Phone: (302) 573-6277
Email: Jennifer.Hall.@usdoj.gov


Of Counsel:
MICHAEL A. HENDERSHOT
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 3
Philadelphia, PA 19103

3

## **Certificate of Service**

I certify that on February 26, 2018, I served a copy of this letter via First Class Mail on the *pro se* Defendant:

Vincent Dell'Aversano
770 Grantham Lane
New Castle, Delaware 19720

/s/ John W. Sither
John W. Sither